IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| OSCAR CHAIDEZ | § | |
| v. | § | CIVIL ACTION NO. 6:11v588 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Oscar Chaidez proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Chaidez stated that he was found guilty of possession of a cell phone or cell phone components, when in fact he had possessed neither. Instead, he says that his father accidentally brought a cell phone to visitation, but that he, Chaidez, was never in possession of the phone or any component thereof.

The punishments imposed upon Chaidez for this case included 45 days of recreation, commissary, and cell restrictions, 30 days loss of contact visits, reduction in classification status, removal of his father from his visitor's list, and the loss of 360 days of good time credits. Chaidez claimed in his petition that he is eligible for release on mandatory supervision; however, he conceded, and TDCJ records confirm, that he is serving a 2006 sentence for murder. Chaidez also says that this conviction includes an affirmative finding that a deadly weapon was used in the

1

commission of the offense. Under Tex. Gov. Code art. 508.149(a)(1) and (2), inmates may not be released to mandatory supervision if they were convicted of murder or if the judgment of conviction contains an affirmative finding of use of a deadly weapon. Thus, Chaidez is not eligible for release on mandatory supervision.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the application for habeas corpus relief be denied. The Magistrate Judge, citing <u>Sandin v. Conner</u>, 115 S.Ct. 2293, 2300-01 (1995) concluded that Chaidez had failed to show that the punishments imposed upon him did not implicate any constitutionally protected liberty interests, and so Chaidez had shown no basis for habeas corpus relief. Chaidez filed objections to the Magistrate Judge's Report on April 11, 2012.

In his objections, Chaidez argues that the evidence was not sufficient to support his conviction because he never saw his father that day, much less came into contact with him. He notes that in banning his father from his visitation list, prison officials noted that "Mr. Chaidez accidentally brought cell phone into facility."

Next, Chaidez concedes that he is ineligible for release on mandatory supervision, but says that his good time credits "will eventually be a factor in parole eligibility." Finally, Chaidez contends that it violates due process to charge an inmate with a disciplinary offense for which there is no evidence.

As the Magistrate Judge stated, the salient issue in the case lies in the fact that Chaidez failed to show that the deprivations imposed upon him as a result of the disciplinary case implicated any constitutionally protected liberty interests. The Fifth Circuit has held that in determining whether state action has violated an individual's right to procedural due process, the district court must first address whether or not the state action has deprived the person of a protected life, liberty, or property interest. <u>Augustine v. Doe</u>, 740 F.2d 322, 327 (5th Cir. 1984). In this case, the state action did not deprive Chaidez of a protected life, liberty, or property interests because the punishments in the disciplinary case did not infringe upon any such interest.

No Fifth Circuit case has held that due process is violated when an inmate who fails to show the deprivation of a constitutionally protected liberty interest alleges that he was convicted without sufficient evidence. *See* Moreno v. Bunton, 193 F.3d 518, 1999 WL 706246 (5th Cir., August 24, 1999); Lee v. Karriker, civil action no. 6:08cv328, 2009 WL 2590093 (E.D.Tex., August 17, 2009, *aff'd* 2010 WL 2546122 (5th Cir., June 24, 2010); *accord*, Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Chaidez's assertions that the evidence was insufficient to support his conviction, and that he was denied due process by being convicted without due process, are without merit.

Chaidez next argues that he has a liberty interest because his good time credits will be factored into his parole eligibility. However, the Fifth Circuit has expressly held that there is no liberty interest in release on parole in the State of Texas. Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991); *see also* Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). To the extent that Chaidez contends that he has a liberty interest in good time because of parole eligibility, this claim is foreclosed by Fifth Circuit precedent. Chaidez's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 6) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Oscar Chaidez is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 30th day of May, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**